**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **ANTONIO SIERRA,** | : | |
| | : | |
| Petitioner | : | **CIVIL ACTION NO. 3:CV-17-1584** |
| | : | |
| v. | : | **(Judge Caputo)** |
| | : | |
| **KATHLEEN KANE,** *et al.,* | : | |
| | : | |
| Respondents | : | |

**M E M O R A N D U M**

**I.  Introduction**

Antonio Sierra, a Pennsylvania state inmate proceeding *pro se* and *in forma pauperis*, initially filed the instant petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 in the United States District Court for the Western District of Pennsylvania on January 3, 2017.  (ECF No. 1.)  The petition was transferred on August 3, 2017, pursuant to 28 U.S.C. § 2241(d).  (ECF No. 9.)

Named as Respondents are former Pennsylvania Attorney General Kathleen Kane and, the former Superintendent of the Albion State Correctional Institution (SCI-Albion), Nancy Giroux.  Mr. Sierra is housed at SCI-Albion in Albion,

Pennsylvania.[1] In his petition, Mr. Sierra challenges his 1998 state sentence in the Lebanon County Court of Common Pleas.

Preliminary review of the petition has been undertaken, see R. GOVERNING § 2254 CASES R. 4,[2] and for the reasons that follow, the petition will be dismissed as a successive petition filed without authorization from the United States Court of Appeals for the Third Circuit as required by 28 U.S.C. § 2244(b).

## II. Background

On September 11, 1998, following a jury trial in the Lebanon County Court of Common Pleas, Mr. Sierra and a co-defendant were found guilty of the following offenses: criminal attempt to commit criminal homicide (three counts) graded in the third degree; aggravated assault (six counts); reckless endangerment (three counts), unlawful restraint (three counts); arson (three counts), theft (three counts), attempted theft (three counts), robbery (eight counts), and criminal conspiracy (one count). *See Commonwealth v. Sierra*, CP-38-CR-1239-1997 (Pa. Ct. Com. Pl. Lebanon Cty.)[3] Mr. Sierra was sentenced to an aggregate term of twenty (20) to sixty (60)

---

[1] The only properly named respondent in a federal habeas corpus action is the applicant's custodial official. *See* 28 U.S.C. § 2242. Accordingly, SCI-Albion's Superintendent is Petitioner's custodial official for purposes of § 2242. Michael Clark is the current Superintendent of SCI-Albion.

[2] Rule 4 provides "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner." *See* R. GOVERNING § 2254 CASES R. 4.

[3] The Court takes judicial notice of Mr. Sierra's criminal and appellate docket sheets available via Pennsylvania's Unified Judicial Docket System, docket research at: https://ujsportal.pacourts.us.

years' imprisonment. On November 18, 1998, his post-sentence motions were denied.

Mr. Sierra filed a direct appeal to the Superior Court of Pennsylvania. *See Commonwealth v. Sierra*, 111 MDA 1999 (Pa. Super. Ct.). Shortly thereafter, Petitioner filed a motion under the Pennsylvania Post Conviction Relief Act (PCRA), 42 PA. CONS. STAT. § 9541 *et seq.*, which was denied based on the status of his direct appeal. On October 13, 1999, the Superior Court dismissed Mr. Sierra's direct appeal due to his failure to file a brief.

On February 16, 2000, Petitioner filed a second PCRA petition. On May 12, 2000, the trial court granted Mr. Sierra leave to file an appeal *nunc pro tunc*. On May 2, 2001, the Superior Court affirmed Petitioner's conviction and sentence. *See Commonwealth v. Sierra*, 1409 MDA 2000 (Pa. Super. Ct.). Petitioner did not file an appeal to the Pennsylvania Supreme Court.

Mr. Sierra did not file any further pleadings until 2004 when he filed a petition to vacate. On March 23, 2004, the sentencing court summarily denied the petition. Mr. Sierra then filed an appeal with the Superior Court of Pennsylvania. *See Commonwealth v. Sierra*, 593 MDA 2004 (Pa. Super. Ct.). The Superior court denied relief on October 7, 2004, and the Pennsylvania Supreme Court denied Petitioner's request for allowance of appeal on April 19, 2005.

On September 12, 2005 Mr. Sierra filed a petition for writ of habeas corpus (first petition) in the United States District Court for the Eastern District of Pennsylvania. The matter was transferred to this Court on March 23, 2006. *See Sierra v. Diguglielmo*, Civ. No. 3:CV-06-0604 (M.D. Pa.). On July 18, 2006,

following a review of Mr. Sierra's petition and Respondents' response, the Petition was dismissed on the basis that it was untimely. By order dated January 25, 2007, the United States Court of Appeals for the Third Circuit denied Mr. Sierra's request for a certificate of appealability. *See Sierra v. Diguglielmo*, C.A. No. 06-3750 (3d Cir., Jan. 25, 2007).

On January 3, 2017, Mr. Sierra filed the present petition for writ of habeas corpus (second petition) with the United States District Court for the Western District of Pennsylvania. The Western District directed Mr. Sierra to file an amended habeas petition challenging either his judgment sentence imposed by the Court of Common Pleas of Erie County or Lebanon County, but not both in the same petition. (ECF No. 5.) Mr. Sierra filed an amended petition on February 16, 2017. (ECF No. 6). The Western District administratively closed the case advised Petition that should he file a proper Petition, the case would be reopened. (ECF No. 7.) On August 2, 2017, Mr. Sierra filed a second amended habeas petition (ECF No. 8) challenging his Lebanon County sentence. The Western District promptly transferred the matter to this Court pursuant to 28 U.S.C. § 2241(d). (ECF No. 9.)

Shortly thereafter Mr. Sierra filed a document entitled "Motion of Petitioner," (ECF No. 11) asking the Western District to process his second amended habeas petition and over three hundred and thirty pages of supporting exhibits. (*Id*.) Petitioner did not file a brief in support of his motion.

In his second amended habeas petition, Mr. Sierra contends that "no judgment of conviction [from the Lebanon County Court of Common Pleas] exists, and while restrained liberty of Sierra is apparent, whatever so be, all this from its

inception is without authority, void and reference to the same as it is anything flowing from the 1998 Jury verdict to this present petition does not serve to give the illegality any validation and is a nullity and void." (ECF No. 8, p. 2.) He challenges the legality of his conviction and sentence.

In addition, Mr. Sierra concedes that in 2006 he filed a prior § 2254 petition challenging his Lebanon County conviction, and that that petition was denied as untimely. He also acknowledges that the Third Circuit Court of Appeals denied his request for a certificate of appealability when he appealed that decision. (*Id.*, p. 9.)

### III. Discussion

The Antiterrorism and Effective Death Penalty Act (AEDPA) imposes stringent limits on a prisoner's ability to file a second or successive application for writ of habeas corpus. 28 U.S.C. §§ 2254(a), 2244(b)(1), (2); *Tyler v. Cain*, 533 U.S. 656, 121 S.Ct. 2478, 150 L.Ed.2d 632 (2001). Specifically, 28 U.S.C. § 2244(b)(3)(A) requires a petitioner to "move in the appropriate court of appeals for an order authorizing the district court to consider the application," before he may file a second or successive petition with the district court. Rule 9 of the rules governing § 2254 proceedings likewise requires that "[b]efore presenting a second or successive petition, the petitioner must obtain an order from the appropriate court of appeals authorizing the district court to consider the petition." Absent authorization from the appropriate court of appeals, in this case the United States Court of Appeals for the Third Circuit, this Court lacks jurisdiction over a second or successive habeas petition. *See* 28 U.S.C. § 2244(b)(3)(A); *Burton v. Stewart*, 549 U.S. 147, 153, 127

S.Ct. 793, 797, 166 L.Ed.2d 628 (2007) (district court "never had jurisdiction to consider" petitioner's successive petition where he "did not seek or obtain authorization to file in the District Court"); *Williams v. Warden Allenwood USP*, 647 F. App'x 65, 67 (3d Cir. 2016) (the district court lacked jurisdiction to consider claim raised in "second or successive petition filed without the required Court of Appeals authorization"). If a petitioner erroneously files a second or successive habeas petition in a district court without first obtaining permission from the court of appeals, "the district court's only option is to dismiss the petition or transfer it to the court of appeals pursuant to 28 U.S.C. § 1631." *Robinson v. Johnson*, 313 F.3d 128, 139 (3d Cir. 2002). A habeas application is classified as second or successive within the meaning of § 2244 if: the prior application was decided on the merits, the prior and new applications challenge the same conviction, and the new application asserts a claim that could have been raised in a prior habeas application. *Benchoff v. Colleran*, 404 F.3d 812, 815-17 (3d Cir. 2005).

The instant petition is Mr. Sierra's second attempt to collaterally attack, in this federal court, his Pennsylvania state court conviction imposed by the Lebanon County Court of Common Pleas. This instant action is therefore, unquestionably a § 2254 action which under 28 U.S.C. § 2244 is "second or successive".[4] Thus, under the AEDPA, Mr. Sierra is required to seek, and obtain, authorization from the Third Circuit Court of Appeals before pursuing his second habeas challenge. Mr. Sierra's

---

[4] The dismissal of a first federal petition as untimely constitutes an adjudication on the merits, rendering any later-filed petition "second or successive." *See, e.g., McNabb v. Yates*, 576 F.3d 1028, 1030 (9th Cir.2009) ("We therefore hold that dismissal of a section 2254 habeas petition for failure to comply with the statute of limitations renders subsequent petitions second or successive for purposes of the AEDPA ....") (*cited with approval in Stokes v. Gehr,* 399 F. App'x 697, 699 n. 2 (3d Cir.2010))

submissions do not reveal that he has been granted leave to file a second of successive habeas petition by the United States Court of Appeals for the Third Circuit prior to filing the present petition. Because he did not do so, this Court is without jurisdiction to entertain it. *See Burton,* 549 U.S. at 153, 127 S.Ct. at 797; *Blystone v. Horn*, 664 F. 3d 397, 412 (3d Cir. 2011) ("A petitioner's failure to seek such authorization from the appropriate appellate court before filing a second or successive habeas petition acts as a jurisdictional bar").

Accordingly, Mr. Sierra's petition will be dismissed pursuant to 28 U.S.C. § 2243(b)(3) for lack of jurisdiction.

Based on this determination, the Court can either dismiss the petition, or under 28 U.S.C. § 1631, transfer it "in the interest of justice." Because the Court believes that Mr. Sierra's present petition does not: (1) rely on a new rule of constitutional law, made retroactive to cases on collateral review by the United States Supreme Court, that was previously unavailable, or (2) present newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found him guilty of his 1998 Lebanon County convictions, the Court will dismiss the petition rather than transfer it to the Third Circuit Court of Appeals. The Court's decision not to transfer the petition has no effect on Mr. Sierra's right to apply to the Third Circuit Court of Appeals for approval to file a successive petition.

### IV.     Certificate of Appealability

Pursuant to 28 U.S.C. § 2253(c)(1)(A), a petitioner must obtain a certificate of appealability (COA) to appeal a final order denying a habeas corpus petition under 28 U.S.C. § 2254. A district court may issue a COA "only if the applicant has made a substantial showing of the denial of a constitutional right." *See* 28 U.S.C. § 2253(c)(2). When a court denies a petitioner's habeas claims on the merits, the petitioner must demonstrate that reasonable jurists would find the district court's assessment of the claims debatable or wrong. *See Slack v. McDaniel*, 529 U.S. 473, 483-484, 120 S.Ct. 1595, 1604, 146 L.Ed.2d 542 (2000). However, when a district court denies a petition on procedural grounds, a COA should issue if: (1) jurists of reason would find it debatable whether the petition states a valid claim of denial of a constitutional right; and (2) jurists of reason would find it debatable whether the district court was correct in its procedural ruling. *See Slack, supra*.

Here, jurists of reason would not find it debatable that this Court was correct in its procedural ruling that Mr. Sierra's present petition is a second or successive petition filed without the authorization of the Third Circuit Court of Appeals. Consequently, no certificate of appealability will issue.

### V.     Conclusion

Based on the foregoing discussion, the Court will issue an order dismissing the petition for lack of jurisdiction. The order will also deny a certificate of appealability, based on the above analysis. However, Mr. Sierra is advised that he has the right for thirty (30) days to appeal our order denying his petition, *see* 28

8

U.S.C. § 2253(a); Fed. R. App. P. 4(a)(1)(A), and that our denial of a certificate of appealability does not prevent him from doing so, as long as he also seeks a certificate of appealability from the court of appeals. See Federal Rule of Appellate Procedure 22(b)(1).

An appropriate Order follows.

Date:  December 7, 2017     /s/ A. Richard Caputo
**A. RICHARD CAPUTO**
**United States District Judge**