# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **ANTONIO SIERRA,** | : | |
| Petitioner | : | CIVIL ACTION NO. 3:CV-17-1584 |
| v. | : | (Judge Caputo) |
| **KATHLEEN KANE,** *et al.,* | : | |
| Respondents | : | |

# M E M O R A N D U M

## I.  Introduction

Before the Court is Petitioner Antonio Sierra's "Motion in Chancery by Exigent Circumstances." (ECF No. 21.)  The Court will construe his filing as a motion to alter or amend pursuant to Federal Rule of Civil Procedure 60(b), or, alternatively, seeking leave to supplement or amend his petition.

For the reasons that follow his motion will be denied.

## II.  Background

Petitioner, an inmate currently incarcerated at the State Correctional Institution in Albion, Pennsylvania, filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 challenging his 1998 state sentence in the Court of Common Pleas for Lebanon County, Pennsylvania.  Mr. Sierra's previously filed a §2254

petition, challenging his Lebanon County conviction, was dismissed as untimely filed on July 18, 2006. *See Sierra v. DiGuglielmo*, Civil No. 3:CV-06-0604, 2006 WL 2038391 (M.D. Pa. July 18, 2006). Mr. Sierra's present habeas corpus petition, filed on September 6, 2017 pursuant to 28 U.S.C. § 2254, was dismissed on December 7, 2017 as a successive petition filed without authorization from the United States Court of Appeals for the Third Circuit as required by 28 U.S.C. § 2244(b). (ECF Nos. 19 and 20.)

Petitioner filed his "Petition in Chancery by Exigent Circumstances" (ECF No. 21) on December 15, 2017. Two weeks later Mr. Sierra appealed the Court's December 7, 2017, Order dismissing his petition. (ECF No. 23.)

### III.  Discussion

#### A.  Motion for Reconsideration

The scope of a motion for reconsideration is extremely limited. *Blystone v. Horn*, 664 F.3d 397, 415 (3d Cir. 2011). "Such motions are not to be used as an opportunity to relitigate the case; rather, they may be used only to correct manifest errors of law or fact or to present newly discovered evidence." (*Id.*) (citing *Howard Hess Dental Labs, Inc., v. Dentsply Int'l Inc.*, 602 F.3d 237, 251 (3d Cir. 2010)). Thus, a movant seeking reconsideration must show: (1) an intervening change in controlling law; (2) the availability of new evidence that was previously unavailable; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice. *Reisinger v. City of Wilkes-Barre*, 520 F. App'x 77, 81 (3d Cir. 2013). "New evidence" for the purpose of this inquiry "does not refer to evidence that a party ...

submits to the court after an adverse ruling. Rather, new evidence in this context means evidence that a party could not earlier submit to the court because that evidence was not previously available." *Howard Hess Dental Labs. Inc.*, 602 F.3d at 252.

Having reviewed the contents of Mr. Sierra's motion, the Court concludes that nothing contained in the submission alters the finding of the December 7, 2017 order denying his habeas petition for lack of jurisdiction after finding it an unauthorized second successive petition.

### B. Motion to Supplement, or Amend, his Petition

"[W]hen a Rule 60(b) motion seeks to collaterally attack the petitioner's underlying conviction, the motion should be treated as a successive habeas petition." *Pridgen v. Shannon*, 380 F.3d 721, 727 (3d Cir. 2004). An amended habeas petition is a second or successive motion if it is filed after judgment has been issued on the original petition. *Peterson v. Brennan*, 196 F. Appx 135, 139 (3d Cir. 2006). The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) severely constrained the availability of habeas relief for prisoners. *See Pridgen,* 380 F.3d at 721. The relevant provisions of AEDPA provide that a second or successive habeas motion must be certified by a panel of the respective Court of Appeals and the petition must result from "newly discovered evidence" or "a new rule of constitutional law." 28 U.S.C. §§ 2244(b)(2)(A), (B) and (b)(3)(A).

Some of the grounds for relief Mr. Sierra presents in his motion to amend relate back to his original petition; others do not. It is not necessary for the Court to

- 3 -

wade through all fifty-five pages to determine that this Court must deny his motion as it is an attempt to collaterally attack his sentence and conviction. Thus, it amounts to a second motion under §2254. Since Mr. Sierra has not sought the Third Circuit Court of Appeal's authorization to file such a motion, the Court lacks jurisdiction to entertain it. *William v. Warden Allenwood USP*, 647 F. App'x 65, 67 (3d Cir 2016) (the district court lacked jurisdiction to consider claim raised in "second or successive petition filed without the required Court of Appeals authorization.")

## IV. Conclusion

For the foregoing reasons, Petitioner's motion (ECF No. 21) will be denied insofar as it seeks relief from the Court's previous dismissal of the habeas petition. Likewise, to the extent his motion sought to supplement or amend his § 2254 petition, it will be denied.

An appropriate Order follows.


**Date: March 1, 2018**         /s/ A. Richard Caputo
                                                  **A. RICHARD CAPUTO**
                                                  **United States District Judge**